## Schwartz v. Stein et al.

*J. L. Ehrenreich*, for plaintiff; *J. Gross*, for defendant.

MARTIN, P. J., May 16, 1929.—Jacob Berman and Rose Berman signed a note, dated Nov. 26, 1927, payable one day after date, accompanied by a warrant of attorney authorizing the entry of judgment against them in the sum of $2500. On the back of the note there is an endorsement authorizing any attorney of any court of record to enter judgment against the defendants, Harry Stein and Alexander Weinstein, who endorsed the note. The note was filed with the prothonotary and judgment was entered against Jacob Berman and Rose Berman, the makers of the note, in the Court of Common Pleas No. 5, as of December Term, 1927, No. 15765.

A copy of the note and endorsement was filed with the prothonotary and judgment was entered against the endorsers in the Court of Common Pleas No. 5, December Term, 1927, No. 15766.

The endorsers filed a petition, averring that neither the original note nor the original endorsement was filed of record in this suit against them, but that the judgment was entered upon plaintiff filing a copy of the note and endorsement certified by plaintiff's attorney.

A rule was granted to show cause why the judgment should not be struck off. An answer was filed, averring that the original note and endorsement was filed of record in the Court of Common Pleas No. 5, December Term, 1927, No. 15765, the case in which judgment was entered against the makers.

That the judgment in the present case against the endorsers was entered upon filing with the prothonotary a copy without producing the original note and endorsement containing the confession of judgment is not denied.

230

There is no authority in the warrant signed by defendants for entering judgment by filing a copy instead of the original.

It is apparent on the face of the record that the instrument filed is a copy, and that the judgment is irregular.

And now, to wit, May. 16, 1929, it is ordered that the rule to strike off the judgment be made absolute.